THE HOME INSURANCE COMPANY, OF ST. PAUL,

*v.*

CHARLES SCHEFFER, TREASURER, &c.

1. Ordinarily the peremptory writ of mandamus should not be allowed in the first instance except upon notice to the party against whom it is prayed for.

2. Where the facts, upon which an application in such writ is made, are of such a nature that they may be controverted, the alternative writ should first issue, as a general rule.

This is an appeal from an order of the District Court for Ramsey County, allowing a peremptory writ of mandamus. The case is fully stated in the opinion of the Court.

SMITH & GILMAN for Appellant.

E. C. PALMER for Respondent.

*By the Court*—BERRY, J. The respondent applied to the District Judge of Ramsey County, for a peremptory writ of mandamus, upon the affidavit of its President and Secretary, setting forth that the respondent is a corporation, duly incorporated, organized and acting under the laws of this State, and has so been since on or about April, 1864; that during such period, and until about the middle of March, 1867, it has been successfully engaged in the transaction of the usual business of mutual fire insurance companies; that it has a a large number of policies outstanding, is daily in receipt of applications for further policies, and is daily deprived of large gains and profits, in consequence of the wrongful conduct of the appellant hereinafter referred to.

The affidavit further states, that on or about the 23d day of March, 1867, it duly made and presented to the appellant a statement (recited) of its condition, &c., as the appellant claimed that it was required to do under the provisions of an act of the legislature, approved March 9th, 1867, and entitled "an act to amend section fifty-three, title two, chapter thirty-four of general statutes relating to Mutual Insurance Companies."

It is further stated in the affidavit, that the respondent tendered his legal fees to the appellant, requesting him to receive and file the statement, and issue to the respondent a certificate as provided in *Sec.* 118, *Chap.* 34, *of the General Statutes.* The affidavit further states, that the business of the Company is and will be greatly injured by this conduct of the appellant, and to compel him to receive and file the statement, and issue the proper certificate, a peremptory mandamus is prayed for as the only adequate remedy.

A peremptory mandamus was thereupon allowed and issued in the first instance, and the case comes to this Court by appeal from the order of allowance. The appellant in support of his appeal insists, that, if any writ of mandamus should have been issued in this case, it should have been, in the first instance, the *alternative*, and not the *peremptory* writ. *Title* 1, *Ch.* 80, *pages* 554, 555, *Gen. Stat.*, provides, among other things, that the writ of mandamus may be issued to any person "to compel the performance of an act which the law specially enjoins as a duty resulting from an office," and that "when the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance; in all other cases the alternative writ shall be first issued." It being made the duty of the State Treasurer, under certain circumstances, to issue a

certificate to an insurance company to authorize it to transact the business of fire insurance in this State, (*see act of March 9th supra and sections* 117, 118, *page* 284, *Gen. Stat.*) the main questions to be determined here are, whether the right of the respondent to require the issue of the certificate in this case is *clear*, and whether it is *apparent* that no valid excuse can be given for not issuing the same.

While our statute expressly authorizes the issue of the peremptory writ in the first instance, it is plain that it is to be issued with great caution. It is only upon a state of unquestionable facts, leaving no room for doubt as to the right to the performance of the act sought to be compelled, only when it is apparent and manifest that no valid excuse can be given for non performance, that this extraordinary and arbitrary power of the Court is to be invoked or exercised.

From an examination of the cases cited below, and many others, we find that a peremptory mandamus is very rarely issued in the first instance, except upon notice of motion for the writ, or upon an order to show cause, or where, expressly or tacitly waiving notice, the party against whom the writ is sought, voluntarily appears upon the application and hearing; under such circumstances, when the material facts are agreed upon, or admitted, it is easy to conceive how "the right to require the performance of the act may be *clear*" and how it may be "*apparent* that no valid excuse can be given for not performing it," even when the right depends upon facts the existence of which might have been disputed, so that the party would have been entitled to controvert them in an answer to an alternative writ. *Ex parte Rogers,* 7 *Cowen,* 533–4; *People vs. Contracting Board,* 27 *N. Y.* 380, 386 *and cases cited*; *People vs. Brennan,* 39 *Barb.* (*S. C.*) 538, 541; *Ackley's case,* 4 *Abb.* 40; 11 *Ib.* 134; *see also* 2 *Tiffany and S. N. Y. Pr.* 190, 191; *Marbury vs. Madison,* 1 *Cranch* 137; *The Life &*

*Fire Insurance Co. vs. Adams,* 9 *Peters,* 571; *The King vs. The Mayor &c.,* 16 *E. C. L.* 241; *Atty. Gen. vs. Lum.,* 2 *Wis.* 507.

We do not intend to intimate that there may not possibly be cases in which the facts or grounds of application may be so indisputable—facts, for instance, of which a court will take judicial notice—and the urgency so great, as in the case of *Regina vs. Fox,* 2 *Ad. & E ll., N. S.,* 246, as to warrant the issue of the peremptory writ in the first instance, and *ex parte;* but we think, that as a general rule, subject to very few exceptions, if the peremptory writ is to be applied for in the first instance, it should be upon notice, and if the circumstances call for great dispatch, there will be few cases in which this cannot be attained under an order to show cause. In this case it does not appear from the paper books furnished the court, that there was any notice to the appellant of the application for the writ, nor does it appear, that in any way, the facts set forth in the petition were admitted by the appellant.   Certainly some of the allegations of fact contained in the petition are disputable, and the court could not assume them to be true, by taking a judicial notice of their existence. For instance, the allegation that a statement, as required by law, or as set forth in the petition, had been *presented* to the appellant; that such statement was under the oath of the president or secretary of the respondent; or that a demand had been made for the certificate, &c.   Unless it was clear that these allegations were true, it could not be *apparent* that no valid excuse could be rendered for the refusal to issue the certificate; these were matters of fact upon which the appellant had a right to be heard, matters which he had the right to controvert; these allegations might be true or false, and so long as this was the case, and they were not admitted, the right to the certificate was not *clear,* and the peremptory writ

should not have been issued in the first instance. It will not do to say that the peremptory writ should be issued in the first instance, whenever the *allegations* of the *petition* make out a case for its allowance ; if this were so, a peremptory mandamus, or none, should always be issued in the first instance. If the plaintiff does not, *upon his own showing*, make out a case entitling him to compel the performance of the act desired by mandamus, then he has not put himself in a position to ask for either writ, the alternative, or the peremptory. The questions to be decided in order to determine whether the right is clear, and whether no valid excuse can be given are, 1st, is this showing true ? and 2d, does the tribunal applied to *know* it to be true, on account of the nature of the fact shown, or from the admissions of the defendant ? Such is, we think, the proper construction of the statute.

It is however urged that to deny the peremptory writ in the first instance in a case like this, and to impose the delay consequent upon the issue of the alternative writ, would be a great hardship, that the result would be to suspend the business of a company, which from its very constitution must necessarily keep moving, or break down. Whether this result would inevitably follow if the company has done all that it is required to do, and a public officer has been derelict in his duty, it is not now necessary to enquire ; but even if it would follow, it is to be remembered, that the application in this case rests upon the admitted obligation of the company to procure the certificate, and upon the admitted validity of the Act of March 9th, 1867, as respects this respondent.

The law requiring a certain statement, verified in a certain way, to be presented to the State Treasurer as a condition precedent to the issue of the certificate, if it be too rigorous, must be corrected by an application to the legislature. If the

condition precedent has not been performed, the treasurer has and should have the right to refuse to issue the certificate, and has and should have the right to controvert the allegation of performance of such condition before he is compelled to issue a certificate, in violation of law, by the summary command of a peremptory mandamus issued *ex parte*. If the result may possibly be, that a dishonest treasurer may involve an insurance company in disaster, by the delay of litigation, this result would seem to be unavoidable as the law now stands. It is not however to be presumed, that a State Treasurer, or any other public officer, will be officially dishonest. It is not to be presumed that the Treasurer will deny the existence of alleged facts which impose upon him official duties. If he honestly believes that what are represented to be facts do not exist, or if he honestly puts a construction upon the law differing from that of the applicant for a certificate, he would be wanting in the discharge of duty, if he failed to resist by litigation, or otherwise, a violation of the law by which his official conduct is regulated. If some delay follows, delay is inseparable from litigation, and it not unfrequently happens that such delay produces disastrous results.

As the only claim on the part of the appellant is, that the Judge below should have ordered the alternative, instead of the peremptory writ, and as this appears to be the only matter legitimately before us at this time, we shall not enter upon the consideration of some other topics, which are suggested mainly by the counsel for the respondent, upon the argument.

The order appealed from is directed to be modified so as to grant an alternative, instead of a peremptory writ, and the cause is remanded for further proceedings.